**BUSBY & ZAPPALA, LLP**
RALPH A. ZAPPALA, SB# 102052
 E-Mail: rzappala@bzlawllp.com
251 Lafayette Circle
Suite 350
Lafayette, California 94549
Telephone: (925) 299-9600

Attorneys for Defendant
TOTAL ACCOUNT RECOVERY, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KATZAKIAN and SUSAN KATZAKIAN,<br><br>           Plaintiffs,<br><br>     vs.<br><br>TOTAL ACCOUNT RECOVERY, LLC,<br><br>           Defendant. | CASE NO.<br><br>**DEFENDANT TOTAL ACCOUNT RECOVERY, LLC's NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441 and 1446**<br><br>**DEMAND FOR JURY TRIAL** |

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendant TOTAL ACCOUNT RECOVERY, LLC (herein referred to as "TAR") hereby removes to this Court a civil lawsuit filed in the Superior Court of the State of California, County of Fresno, Case No. 14 CE CL 10593. In support of this Notice of Removal, Defendant states:

   1.   Plaintiffs DAVID KATZAKIAN and SUSAN KATZAKIAN commenced a civil action in the Superior Court of Fresno County, California captioned as *David Katzakian and Susan Katzakian v. Total Account Recovery, LLC,* Case No. 14CE CL 10593, (hereinafter the "State Court Action") on December 29, 2014.

---
DEFENDANT TOTAL ACCOUNT RECOVERY, LLC'S NOTICE OF REMOVAL
TO FEDERAL COURT and DEMAND FOR JURY TRIAL

2. TAR was served on or about January 20, 2015.

3. The summons and complaint in the State Court Action, a copy of which is attached hereto as Exhibit A, asserts claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a *et seq.*, and the Rosenthal Fair Debt Collection Practices Act, Cal Civ. Code § 1788, *et seq.*

4. Upon information and belief, plaintiffs are residents of the State of California.

5. TAR's principal place of business is located in the State of Kansas.

6. Pursuant to 28 U.S.C. §§ 1441 and 1446, TAR hereby removes the State Court Action to this Court, which is the federal judicial district in which the State Court Action is pending.

7. Removal of the State Court Action is proper under 28 U.S.C. § 1441. If the action had originally been brought in this Court, this Court would have original, federal question jurisdiction over plaintiffs' FDCPA claims per 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d) and supplemental jurisdiction over plaintiffs' state law claims per 28 U.S.C. § 1367.

8. Further, pursuant to 28 U.S.C. § 1332(a), as amended, this Court has original jurisdiction over the civil action because, as set forth above, it is a civil action wherein the matter in controversy as pled by the plaintiff exceeds the sum or value of Seventy-Five Thousand and No/100 Dollars ($75,000.00), exclusively of interest and costs, and is between citizens of different states. The amount in controversy exceeds $75,000.00 because plaintiff seeks actual damages, statutory penalties and attorney's fees against TAR.

9. This Notice of Removal is filed within 30 days of receipt of the State Court Action Complaint by TAR and is therefore timely filed under 28 U.S.C. § 1446(b).

10. A copy of all process, pleadings and orders served upon TAR in the State Court Action is being filed with this Notice and is attached hereto as Exhibit A.

WHEREFORE, Total Account Recovery, LLC, removes the State Court Action

captioned *David Katzakian and Susan Katzakian v. Total Account Recovery, LLC*, Case No. 14 CE CL 10593 from the Superior Court of the State of California for the County of Fresno to the United States District Court, Eastern District of California, on this 18th day of February, 2015.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant demands a trial by jury in this action on all claims triable to a jury.

DATED: February 18, 2015            BUSBY & ZAPPALA LLP

By: _____
RALPH A. ZAPPALA
Attorney for Defendant
TOTAL ACCOUNT RECOVERY, LLC

# EXHIBIT A

COPY

Todd M. Friedman (216752)
Suren N. Weerasuriya (278521)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
324 S. Beverly Dr. #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
sweerasuriya@attorneysforconsumers.com
abacon@attorneysforconsumers.com
Attorneys for Plaintiff



FILED
DEC 29 2014
FRESNO COUNTY SUPERIOR COURT
By_____ DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF FRESNO
LIMITED JURISDICTION

DAVID KATZAKIAN AND SUSAN KATZAKIAN,

Plaintiffs,

vs.

TOTAL ACCOUNT RECOVERY, LLC,

Defendant.

) Case No.
) 14 CE CL 10593
)
) (Amount not to exceed $10,000)
)
) 1. Violation of Rosenthal Fair Debt Collection Practices Act
) 2. Violation of Fair Debt Collection Practices Act
)
)
)
)
)

BY FAX

## I. INTRODUCTION

1. This is an action for damages brought by two individual consumers for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, et seq. (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

Complaint - 1

## II. PARTIES

2. Plaintiffs, David Katzakian ("Plaintiff David") and Susan Katzakian ("Plaintiff Susan"), are natural persons residing in Fresno County in the state of California, and are "consumers" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h). Plaintiffs will be collectively referred to hereinafter as "Plaintiffs".

3. At all relevant times herein, Defendant, Total Account Recovery, LLC ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiffs which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## III. FACTUAL ALLEGATIONS

4. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiffs in an attempt to collect an alleged outstanding debt.

5. On or around September of 2014, Defendant began contacting Plaintiffs with such frequency and regularity that it constitutes harassment under the circumstances. Defendant calls Plaintiffs on a virtual daily basis; calling approximately ten (10) times per day. Defendant routinely calls Plaintiffs from telephone numbers (855)242-8564 and (855)868-2577.

6. Furthermore, on at least one voicemail left by Defendant for Plaintiff David, Defendant has failed to meaningfully disclose its identity and purpose of the call. As an illustrative example, Defendant left the following message:

"Hi, I'm trying to reach David Katzakian, this is Ms. Rose, I need a return call to my office. My direct line is (855)235-0645. Please return my call at your earliest convenience."

7. Defendant also failed to send the required notices pursuant to 15 U.S.C. Section 1692g.

8. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

   a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d));

   b) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code § 1788.11(d));

   c) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code § 1788.11(e));

   d) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§ 1692d(5));

   e) Failing to notify Plaintiff during the initial communication with Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose (§ 1692e(11));

   f) Failing to notify Plaintiff during each collection contact that the communication was from a debt collector (§ 1692e(11));

   g) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1)); and

   h) Failing to provide Plaintiff with the notices required by 15 USC §1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof (§1692g(a)).

9. As a result of the above violations of the FDCPA and RFDCPA, Plaintiffs suffered and continue to suffer injury to Plaintiffs' feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiffs for Plaintiffs' actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

10. Plaintiffs reincorporate by reference all of the preceding paragraphs.

11. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against Defendant for the following:

  A. Actual damages;
  B. Statutory damages for willful and negligent violations;
  C. Costs and reasonable attorney's fees; and
  D. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

12. Plaintiffs reincorporate by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against Defendant for the following:

    A. Actual damages;
    B. Statutory damages;
    C. Costs and reasonable attorney's fees; and,
    D. For such other and further relief as may be just and proper.

### PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY

Respectfully submitted this 27th day of December, 2014.

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TOTAL ACCOUNT RECOVERY, LLC

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DAVID KATZAKIAN AND SUSAN KATZAKIAN



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
DEC 29 2014
FRESNO COUNTY SUPERIOR COURT
by _____

BY FAX

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
(El nombre y dirección de la corte es): Superior Court of Fresno County

1130 O St.
Fresno, Ca 93721

CASE NUMBER
(Número del Caso): 14 CE CL 10593

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

Todd M. Friedman, 324 S. Beverly Dr., #725, Beverly Hills, CA 90212, 877-206-4741

DATE: DEC 29 2014
(Fecha)

Clerk, by  K. ROSPIGLIOSI , Deputy
(Secretario) (Adjunto)

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

 **CT Corporation**

**Service of Process Transmittal**
01/20/2015
CT Log Number 526411427

TO: Jennifer Regans
Encompass Consulting Group, LLC
11214 Renner Blvd Ste 500
Lenexa, KS 66219-9605

RE: **Process Served in Kansas**

FOR: Total Account Recovery, LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | David Katzakian and Susan Katzakian, Pltfs. vs. Total Account Recovery, LLC, Dft. |
| DOCUMENT(S) SERVED: | Notice, Cover Sheet, Summons, Complaint |
| COURT/AGENCY: | County of Fresno : Superior Court of the state, CA<br>Case # 14CECL10593 |
| NATURE OF ACTION: | Case management conference has been scheduled in this matter |
| ON WHOM PROCESS WAS SERVED: | The Corporation Company, Inc., Topeka, KS |
| DATE AND HOUR OF SERVICE: | By Process Server on 01/20/2015 at 08:53 |
| JURISDICTION SERVED : | Kansas |
| APPEARANCE OR ANSWER DUE: | 05/04/2015 at 09:00 a.m. |
| ATTORNEY(S) / SENDER(S): | Todd M. Friedman<br>Law Offices of Todd M. Friedman, P.C.<br>324 S. Beverly Dr. #725<br>Beverly Hills, CA 90212<br>877-206-4741 |
| ACTION ITEMS: | SOP Papers with Transmittal, via Fed Ex 2 Day , 772644563399<br>Image SOP<br>Email Notification, Jennifer Regans jennifer@efinancesupport.com |
| SIGNED:<br>ADDRESS:<br><br>TELEPHONE: | The Corporation Company, Inc.<br>112 S.W. 7th Street<br>Suite 3C<br>Topeka, KS 66603<br>855-483-2021. |

Page 1 of 1 / PR

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**<br>Civil Department, Central Division<br>1130 "O" Street<br>Fresno, California 93724<br>(559) 457-2000 | FOR COURT USE ONLY<br><br>Filed<br>Fresno County |
| TITLE OF CASE:<br><br>David Katzakian vs Total Account Recovery, LLC | DECEMBER 29, 2014<br>By System |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>**14CECL10593** |

**To All Parties and Their Attorneys of Record:**

You are required to appear at a Case Management Conference on MAY 04, 2015 at 09:00 AM in Department/Room 104 of the court located at 1130 'O' Street, Fresno, California.

You must comply with the requirements set forth in Fresno Superior Court Local Rule 2.1.

Failure to appear at the conference may result in imposition of sanctions, waiver of jury trial, or other adverse consequences.

**Defendants:** Appearance at the Case Management Conference does not excuse you from having to file your response in proper legal form within 30 days after the Summons is served on you. You could lose the case if you do not file your response on time. If you do not know an attorney, and do not have one you may call an attorney referral service or a legal aide office (*listed in the phone book*).

> IMPORTANT: This hearing is <u>not</u> a trial. It is for the court to inquire as to the status of the case and to determine what future hearings, including a trial date, need to be set.

### DECLARATION

I declare under penalty of perjury under the laws of the State of California that I gave a copy of the Notice of Case Management Conference to the person who presented this case for filing.

Date: December 29, 2014          Clerk, by          K. ROSPIGLIOSI          , Deputy
                                                    K. Rospigliosi

COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Todd M. Friedman, Esq. SBN 216752<br>Law Offices of Todd M. Friedman<br>324 S. Beverly Dr., #725<br>Beverly Hills, CA 90212<br>TELEPHONE NO: 877-206-4741   FAX NO: 866-633-0228<br>ATTORNEY FOR *(Name)*: Plaintiffs, David Katzakian and Susan Katzakian | FOR COURT USE ONLY<br><br>FILED<br>DEC 29 2014<br>FRESNO COUNTY SUPERIOR COURT<br>By_____ DEPUTY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Fresno
STREET ADDRESS: 1130 O St.
MAILING ADDRESS:
CITY AND ZIP CODE: Fresno 93721
BRANCH NAME: B.F. Sisk Courthouse

CASE NAME: David Katzakian and Susan Katzakian v. Total Account Recovery, LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☐ Unlimited  ☑ Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | 14 CE CL 10593<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☑ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation** *(Cal. Rules of Court, rules 3.400–3.403)*
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify)*: 2
5. This case ☐ is ☑ is not a class action suit
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 27, 2014

Todd M. Friedman
*(TYPE OR PRINT NAME)*                                 *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

BY FAX